IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JULIO MEJIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09-1373 |
| | ) |
| FINNEY COUNTY SHERIFF'S | ) |
| DEPUTY SAM DARROCH; | ) |
| FINNEY COUNTY SHERIFF'S | ) |
| DEPUTY MARIANO MUNIZ; | ) |
| KEVIN BASCUE IN HIS REPRESENTATIVE | ) |
| CAPACITY AS FINNEY COUNTY SHERIFF; | ) |
| FINNEY COUNTY SHERIFF'S OFFICE, | ) |
| | ) |
| Defendants. | ) |

**Memorandum and Order**

This matter is before the court on the defendants' motion to dismiss for lack of subject matter jurisdiction. Doc. 8. The motion alleges that the court lacks subject matter jurisdiction because plaintiff failed to comply with the Kansas notice-of-claim statute, K.S.A. § 12-105b, which requires a plaintiff to adhere to a prescribed notice procedure before bringing suit against a municipality under the Kansas Tort Claims Act. As plaintiff points out, however, that provision is inapplicable to claims under 42 U.S.C. § 1983. Accordingly, the motion to dismiss will be denied.

Prior to removal, plaintiff filed this action in the District Court of Finney County, Kansas, claiming that the deputy sheriff defendants, acting under color of state law, deprived him of constitutional rights by fastening handcuffs on him too tightly in the course of an arrest. The actions allegedly caused plaintiff severe nerve damage in his wrists. Plaintiff claims the sheriff

and the sheriff's department caused the deprivation by failing to adequately train the deputies. The petition, citing 42 U.S.C. § 1983, alleges that the defendants deprived plaintiff of his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, and it seeks damages and other relief.

The notice-of-claim provision in K.S.A. § 12-105b(d) is a prerequisite to asserting state-based tort claims against a municipality under the Kansas Tort Claims Act. The complaint does not assert any such claims; it only asserts claims for deprivation of federal rights under 42 U.S.C. § 1983. Claims based on federal law are not subject to the notice requirement of K.S.A. § 12-105b. *See e.g., Kwofie v. Hagemeister*, 2002 WL 1796269 (D. Kan., July 1, 2002); *Scheideman v. Shawnee County Bd. of County Commrs.*, 895 F.Supp. 279, 282 (D. Kan. 1995). *See also Fedler v. Casey*, 487 U.S. 131 (1988) (Wisconsin notice-of-claim provision preempted on § 1983 claim).

Defendants' Motion to Dismiss For Lack of Jurisdiction (Doc. 8 ) is DENIED. IT IS SO ORDERED this  12th   Day of May, 2010, at Wichita, Ks.

s/Wesley E. Brown  
Wesley E. Brown  
U.S. Senior District Judge